AO 106 (Rev. 04/10) Application for a Search Warrant

AUTHORIZED AND APPROVED/DATE: s/Nick Coffey 3/27/24

# UNITED STATES DISTRICT COURT

### for the
### Western District of Oklahoma



In the Matter of the Search of

*(Briefly describe the property to be searched
or identify the person by name and address)*

THE CELLULAR DEVICE ASSIGNED CALL NUMBER (956) 270-3155
WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY /
ELECTRONIC SERIAL NUMBER 311480782587664 IN THE
CUSTODY OR CONTROL OF VERIZON

)
)
)
)
)

Case No. M-24- 265 -AMG

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____ New Jersey _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | | *Offense Description* |
|---|---|---|
| 21 U.S.C. § 846 | Drug Conspiracy | |

The application is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

John Krawczyk, Special Agent FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/27/24

_____
*Judge's signature*

City and state: Oklahoma City, Oklahoma

AMANDA MAXFIELD GREEN, U.S. Magistrate Judge
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER (956) 270-3155 WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY / ELECTRONIC SERIAL NUMBER 311480782587664 IN THE CUSTODY OR CONTROL OF VERIZON** | **Case No.** _____<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, **John Krawczyk**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for information associated with a certain cellular device assigned with call number **(956) 270-3155** (the "**Subject Account**") that is in the custody or control of **VERIZON**, a wireless communications service provider that accepts process at 180 Washington Valley Road, Bedminster, New Jersey 07921.  As a provider of wireless communications service, **VERIZON** is a provider of "electronic communications service," as defined in 18 U.S.C. § 2510(15).

2.      The information to be searched is described in the following paragraphs and in **Attachment A**.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41 to require **VERIZON** to disclose to the government the information further described in Section I of

**Attachment B.** Upon receipt of the information described in Section I of **Attachment B,** government-authorized persons will review the information to locate the items described in Section II of **Attachment B.**

3.    Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definition of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act, *see* 18 U.S.C. §§ 3121–3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute, including a certification from an attorney for the government that the information likely to be obtained by the requested pen register and trap-and-trace device is relevant to an ongoing criminal investigation. *See* 18 U.S.C. § 3123(b)(1). That certification is attached as **Attachment C.**

4.    In sum, this affidavit is made in support of an application for three distinct items: (1) a pen register and trap-and-trace device on the **Subject Account,** pursuant to 18 U.S.C. § 3121–3127; (2) a "ping" on the **Subject Account,** pursuant to 18 U.S.C. § 2703 and Fed. R. Crim. P. 41(c); and (3) an order for historical and prospective cell site data for the **Subject Account,** pursuant to 18 U.S.C. § 2703(d).

5.    I am a federal law enforcement officer within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been a Special Agent with the Federal Bureau of Investigation (FBI) (the "**Investigating Agency**") since April 2023. As a Special Agent, I have participated in and

2

conducted investigations into violations of federal drug laws. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that a violation of 21 U.S.C. § 846 (Drug Conspiracy) (the "Target Offense") has been committed by DENIS GUTIERREZ (**GUTIERREZ**) and other known and unknown co-conspirators. There is also a warrant that has been issued for the arrest of **GUTIERREZ.** There is also probable cause to search the information described in **Attachment A** to assist and aid in the apprehension of **GUTIERREZ** as further described in **Attachment B**.

7. The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. §§ 2711 & 3127. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. §§ 2711(3)(A)(i) & 3127(2)(A)(i).

## **PROBABLE CAUSE**

8. The **Investigating Agency** is conducting a criminal investigation into violations of 21 U.S.C., § 846, in the Western District of Oklahoma. **GUTIERREZ** has been identified as an individual in the Hernandez Drug Trafficking Organization (the **DTO**) who coordinates the logistics of liquid methamphetamine deliveries in the United States from their source in Mexico, through his trucking company based in Edinburg, Texas. Through toll analysis, public business records, and law enforcement databases, law enforcement identified the **Subject Account** as belonging to **GUTIERREZ**.

3

Additionally, an administrative subpoena to Verizon, indicates lists "Denis Gutierrez" as the "Customer Name" on the **Subject Account**.

9.     On March 19, 2024, the Grand Jury sitting in the Western District of Oklahoma returned an indictment charging **GUTIERREZ** with conspiring to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846.  On March 20, 2024, a federal arrest warrant was issued for **GUTIERREZ.**

10.     Through administrative subpoenas, I have confirmed that **VERIZON** provides service for the **Subject Account**.  **VERIZON** information lists **GUTIERREZ** as the subscriber for the **Subject Account**.

11.     In my training and experience, I have learned that **VERIZON** is a company that provides cellular communications service to the general public.  I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records."  Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas, and can be ten (10) or more miles apart in rural areas.  Furthermore, the tower closest to a wireless device does not necessarily serve every call to or from that device.  Accordingly, cell-site data provides an approximate general location of the cellular device.

4

12.     Based on my training and experience, I know that **VERIZON** can collect cell-site data about the **Subject Account**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; (5) the cell tower roundtrip network measurements from tower to device and back to tower, commonly referred to as Timing Advance data; and (6) the duration of the communication. I also know that wireless providers such as **VERIZON** typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

13.     Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers—as transmitted from a cellular device to a cellular antenna or tower—can be recorded by pen-trap devices and

indicate the identity of the cellular device making the communication without revealing the communication's content.

14.    Based on my training and experience, I know wireless providers such as **VERIZON** typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless communication service. I also know that wireless providers such as **VERIZON** typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular device and other transactional records, in their normal course of business. In my training and experience, this information may assist in locating and apprehending **GUTIERREZ**. In my training and experience, this information may also constitute evidence of the crimes under investigation because the information can be used to identify the **Subject Account**'s user or users and may assist in the identification of co-conspirators.

15.    Based on my training and experience, the combination of both historical and prospective location information is helpful in locating individuals. The historical location information from cellular phones can help establish a pattern of life, while prospective location information—including cell-site information, phone pings, and timing advance measurements/distance-to-tower measurements—can help provide more precise real-time information regarding the location of the **Subject Account's** user. To help ensure that

6

**GUTIERREZ** is located, I am requesting precise location information for the next forty-five (45) days for the **Subject Account**.

## AUTHORIZATION REQUEST

16.     Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Fed. R. Crim. P. 41.  The proposed warrant will also function as a pen register order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and/or trap and trace device to record, decode, and/or capture certain information in **Attachment A** for each communication to or from the **Subject Account**, without geographic limit, for a period of forty-five (45) days pursuant to 18 U.S.C. § 3123(c)(1).

17.     I further request, pursuant to 18 U.S.C. § 2703(b)(1)(A), that the Court find that the government is not required to provide notice of this warrant to the subscriber, customer, or person who was monitored.  I also request, pursuant to 18 U.S.C. § 3123(d), that **VERIZON** be ordered not to disclose to the listed customer or any other person the existence and/or use of the pen register and trap-and-trace device sought herein. Additionally, there is reasonable cause to believe that providing immediate notification of the warrant to the subscriber, customer, or person who is being monitored may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber, customer, or user of the **Subject Account** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence and flee from prosecution. *See* 18 U.S.C. § 2705(a)(2).  Therefore, I request that the Court order **VERIZON** not to notify any other person of the existence of

7

this warrant and order for a period of one year from the date the requested warrant is issued, except that the service provider may disclose this warrant and order to an attorney for the service provider for the purpose of receiving legal advice. As further specified in **Attachment B**, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

18.    I further request that the Court direct **VERIZON** to disclose to the government any information described in Section I of **Attachment B** that is within its possession, custody, or control. Because the warrant will be served on **VERIZON**, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

19.    I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed for a period of one year from the date the requested warrant is issued, or until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents as their premature disclosure may jeopardize this investigation.

Respectfully submitted,

John Krawczyk
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on _March 27_ , 2024

Amanda Maxfield Green
United States Magistrate Judge

9

## ATTACHMENT A

### Property to Be Searched

1.    The cellular telephone assigned call number **(956) 270-3155** with International Mobile Subscriber Identity / Electronic Serial Number **311480782587664** (the "**Subject Account**") whose wireless service provider is **VERIZON** (the "Provider"), a company that accepts process at 11760 U.S. Highway 1 North Palm Beach, Florida 33408.

2.    Records and information associated with the **Subject Account** that is within the possession, custody, or control of the Provider.

## ATTACHMENT B

### Particular Things to Be Seized

**I.    Information to be Disclosed by the Provider**

To the extent that the information described in **Attachment A** is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the **Subject Account** listed in **Attachment A**:

a.    The following information about the customers or subscribers associated with the **Subject Account** for the time period of March 26, 2024 to the present:

    i.    Names (including subscriber names, user names, and screen names);

    ii.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

    iii.    Local and long-distance telephone connection records;

    iv.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

    v.    Length of service (including start date) and types of service utilized;

    vi.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity

Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

viii.    Means and source of payment for such service (including any credit card or bank account number) and billing records;

ix.    All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the **Subject Account**, including:

    1.    the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

    2.    information regarding the cell tower and antenna face (also known as "sectors" through which the communication were sent and received; to include the cell tower roundtrip network measurements from tower to device and back to tower, commonly referred to as Timing Advance data (RTT, PCMD, TrueCall, LOCDBOR, etc.).

b.    The following information about the customers or subscribers associated with the **Subject Account** for a period of 45 days from the issuance of the warrant, including:

i.    Names (including subscriber names, user names, and screen names);

ii.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

iii.    Local and long-distance telephone connection records;

iv.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

v.    Length of service (including start date) and types of service utilized;

2

vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

c. Prospective information about the location of the cellular phone associated with the **Subject Account** for a period of 45 days (during all times of day and night) from the issuance of the warrant, including:

i. E-911 Phase II data;

ii. GPS data to include cell tower sector information;

iii. Latitude-longitude data;

iv. Other precise location information, including engineering data to include but not limited to RTT records, PCMD records, Location Database of Records (LOCDBOR) and/or NELOS records, TrueCall records, and all other records containing timing advance measurements and distance-to-tower measurements for all technologies (CDMA, GSM, UMTS, LTE, etc.); and

v. Pen Register / Trap and Trace device with prospective cell site information or data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the **Subject Account** during any voice, SMS, and/or data transmission, including but not limited to engineering data which would include RTT records, PCMD records, Location Database of Records (LOCDBOR) and/or NELOS records, TrueCall records.

## II.    Information to Be Seized by the Government

All information described above in Section I that would assist and aid in the location and apprehension of **GUTIERREZ** pursuant to an active arrest warrant, as well any evidence of violations of the Target Offense.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by **VERIZON** in order to locate the things particularly described in this Warrant.

4

# ATTACHMENT C

## 18 U.S.C. § 3122 Certification

In support of this application, and pursuant to 18 U.S.C. § 3122, I state that I am an "attorney for the Government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure. I certify that the information likely to be obtained from the requested warrant is relevant to an ongoing criminal investigation being conducted by the Investigating Agency of the Target Subject(s) for violation(s) of the Target Offense(s).

I declare under penalty of perjury under the laws of the United States of America that the foregoing paragraph is true and correct.

03/27/2024
DATE

Nick Coffey
Assistant United States Attorney